IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHWESTERN BELL YELLOW PAGES, INC., a Missouri Corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>R.I.C. LEASING, INC. d/b/a RENT IT COMPANY, INC., an Oklahoma corporation, and RENT IT COMPANY, INC., an Oklahoma corporation,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)  No. CIV-08-1105-C<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Defendants entered into a contract with Plaintiff for advertising and business listings. Plaintiff subsequently sued, claiming Defendants breached the contract. The parties entered into a settlement agreement in 2007. The agreement provided that Defendants were to make an initial payment of $15,000, and were then to pay Plaintiff $5,000 three times per year. These payments were due on April 15, July 15, and October 15. In the event that Defendants were to default on their payments, the agreement provided that Plaintiff had the right to accelerate the full amount of the remaining claim and receive attorney's fees. Additionally, Defendants waived any defenses and counterclaims to the Plaintiff's underlying claim. Neither party disputes that Defendants made their initial payment of $15,000, as well as their first two installment payments. Plaintiff contends, however, that the payment due on October 15, 2008, was not timely made, and that Defendants therefore defaulted on the settlement agreement.

Both parties agree that on Friday, October 17, 2008, Pat Salame, one of Defendants' employees, found the check for the October payment at the company's office. She then telephoned Plaintiff's attorneys, who collected the checks, to inform them that she was sending the check over and to get directions to their office. Katherine Hough, a paralegal working for Plaintiff's attorneys, provided directions to their office and states that she likely told Ms. Salame when the office would close for the day. Mr. Harris went to the attorneys' office at 4:30 p.m., only to discover that they closed at 4:00 p.m. Mr. Harris then put the payment under the office door, mistakenly slipping an additional check under the door that he was supposed to deposit in Defendants' account.

On Monday or Tuesday of the following week, Defendants realized that the deposit check was mistakenly left along with the October payment. At that time, Ms. Salame again called the office and was told by Ms. Sander, one of the attorneys, that they had received the checks and that the deposit check had already been mailed back to Defendants. At no time did anyone tell Ms. Salame that the October payment was late or that it would not be accepted. On October 16, 2008, before Defendants even discovered that the October payment had not been made, Plaintiff filed suit seeking $95,000.00, the full balance due under the settlement agreement.

Plaintiff filed the present motion for summary judgment on June 23, 2009. It contends that there are no disputed facts that would preclude judgment in its favor. Defendants, however, argue that time was not of the essence in the settlement agreement. Therefore, even though its payment was two days late, it does not constitute a breach of contract.

Additionally, Defendants contend that Plaintiff waived the right to timely performance of the contract through its conduct. Ms. Hough was aware of the settlement agreement and the manner in which payments were made, and she knew when giving directions to the office that she was speaking to Defendants' employee and that they were sending the October check two days late. Further, during deposition, Karen Fearing, Plaintiff's representative who dealt with Defendants' account, testified that she didn't give the attorneys instructions not to accept the October payment. Finally, Defendants contend that Plaintiff, not its attorneys, is the one entitled to declare default or refuse the October payment and, based on Ms. Fearing's testimony, that never occurred. According to Defendants, they are entitled to a trial on the merits to determine whether a breach in fact occurred.

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in

the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

Under Oklahoma law, "[t]ime is never considered as of the essence of a contract, unless by its terms expressly so provided." 15 Okla. Stat. § 174. No particular form of expression is required, but "'it must appear from the plainly expressed provisions contained in a contract, independent of all extraneous matter or circumstances, that it was the intention of the parties thereto that time should be the essence thereof." Whitehurst v. Ratliff, 1947 OK 182, ¶ 15, 181 P.2d 545, 548 (quoting Drumright v. Brown, 1919 OK 214, ¶ 5, 184 P. 110, 110).

Here, the contract provides:

> 1. R.I.C. and Rent It shall pay to SWBYP[]s the total amount of $120,000.00 in full settlement of SWBYP's claims against R.I.C. and Rent It. This sum is to be paid in the following manner: The sum of $15,000.00 is to be paid on or before January 7, 2008. The balance of $105,000.00 is to be paid in twenty-one (21) installments of $5,000.00 beginning April 15, 2008 with subsequent payments in the amount of $5,000.00 each to be made on July 15, 2008 and October 15, 2008. R.I.C. and Rent It agree to make subsequent $5,000.00 payments on April 15th, July 15th and October 15th of each succeeding year until the remaining balance is paid in full. All payments are to be made to SWBYP[]s in care of its attorneys, Felker, Sander & Associates, P.C. at their address of 4045 N.W. 64th, Suite 510, Oklahoma City, OK 73116. There shall be no pre-payment penalty should R.I.C. and Rent It wish to pay the remaining balance owed under this agreement prior to the due date of any installment. In the event of a default by R.I.C. and Rent It of any installment due under this agreement, SWBYP[]s reserves the right to accelerate the full amount of its claim remaining against R.I.C. and Rent It.

(Dkt. No. 17, Ex. 1.) The contract contains no provision that in any way appears to excuse a late payment or provide for a late fee should a payment be late. Accordingly, the Court concludes that the contract terms indicate that the parties intended time to be of the essence. Should Defendants not make timely payments, Plaintiff was entitled, based upon the express terms of the contract, to accelerate all remaining amounts due.

If, however, Plaintiff waived the right to strictly enforce the contract, then it would lose the right to accelerate payments. Waiver is defined as "the voluntary and intentional relinquishment of a known right." Barringer v. Baptist Healthcare of Okla., 2001 OK 29, ¶ 22, 22 P.3d 695, 700-01 (Okla. 2001). Waiver can be implied through "action or conduct which warrants an inference of intent to relinquish. However, to make out a case of implied waiver of a legal right, there must be a clear, unequivocal and decisive manifestation of the party's relinquishment of the right." Id. at ¶ 23 (citation omitted).

Neither party asserts, nor is there any evidence to support the contention, that Plaintiff expressly waived its right to strict compliance with the terms of the contract. Additionally, the Court finds that waiver cannot be implied on the basis of Plaintiff's actions or conduct. The undisputed facts indicate that Plaintiff brought suit the day after the October payment was due, before Defendants ever contacted the attorneys' office to discuss making a late payment. Defendants contend that an implied waiver was established through Ms. Salame's conversations with Ms. Hough and Ms. Sander. The Court finds this argument unpersuasive. Although Ms. Hough stated that she was familiar with the settlement agreement between the parties, she was clearly not the person in charge of determining whether or not late payments

would be accepted. Likewise, the conversation between Ms. Salame and Ms. Sander does not indicate a "clear, unequivocal and decisive manifestation" of Plaintiff's relinquishment of its right to demand strict performance. There is no indication that Ms. Sander was in charge of handling Defendants' payments. Further, the fact that Plaintiff filed suit before Defendants attempted to tender the late payment manifests its clear desire not to accept late payments.

Finally, the Court finds unpersuasive Defendants' argument that Plaintiff's attorneys, rather than Plaintiff itself, decided that the late payment would not be accepted. As Plaintiff notes, it is presumed that attorneys are authorized to appear for the party whom they represent. See In re Hess' Estate, 1962 OK 74, ¶ 12, 379 P.2d 851, 856 (Okla. 1962). This presumption may be rebutted if the opposing party makes a reasonable showing that the attorney is in fact not authorized. Id. Defendants have not made the requisite showing, and therefore the presumption that Plaintiff's attorneys were acting within their authority in filing this lawsuit prevails.

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 17) is GRANTED. Judgment will be entered in Plaintiff's favor. Plaintiff is ordered to submit an affidavit in support of its claim for damages and attorney's fees within ten days.

IT IS SO ORDERED this 17th day of August, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge